UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN KIMES**

        **Plaintiff,**

  **v.**

Edmunds
DECK TYPE: S. Division Civil Deck
DATE STAMP :02/12/2002 @ 10:53:33
CASE NUMBER  2:02CV70555

**TAMMY JOLYNN RECTOR, an individual,
STATE OF OKLAHOMA, DISTRICT COURT OF
TILLMAN COUNTY, a governmental entity,
DISTRICT COURT OF TILLMAN COUNTY JUDGE
DAVID A. BARNETT, an individual, TILLMAN
COUNTY SHERIFF BILLY HANES, an individual, and
TILLMAN COUNTY DEPUTY JEFF RECTOR, an
individual.**

        **Defendants.**

NANCY G. EDMUNDS

MAGISTRATE JUDGE KOMIVES

**BY:  RONIN LEGAL SERVICES P.C.
      TODD J. ROBERTS (P-55631)
      Attorney for Plaintiff
      20500 Eureka, Suite 105
      Taylor, Michigan 48180**

There is no other civil action between the parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. I do not know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## COMPLAINT AND JURY DEMAND

## COMPLAINT

**NOW COME** Plaintiff, by Counsel and for his complaint against Defendants, states as follows:

## NATURE OF ACTION

1.    This action challenges the failure of Defendant David Burnett, Judge District Court of Tillman County, State of Oklahoma, to follow the Oklahoma and Michigan Uniform Child Custody Jurisdiction Act, 28 U.S.C. 1738A, and for violating the Plaintiff's 14th Amendment rights under the United State Constitution in a child custody dispute.

2.    This has resulted in conflicting orders issued by Tillman County District Court, Oklahoma and Genesee County Circuit Court, Michigan.

3.    Plaintiff seeks declaratory and injunctive relief ordering: 1) a temporary restraining order enjoining Tillman County District Court and Defendant Burnett from proceeding in Case No. CV 2001-54 and holding a permanent custody hearing on February 14, 2002; 2) A permanent Injunction enjoining Tillman County District Court and Defendant Burnett from proceeding in Case No. CV 2001-54;  2) Declaratory judgment stating that Genesee County Circuit Court has Jurisdiction over the custody dispute pursuant to 28 U.S.C. 1738A; 3) Defendants pay costs including reasonable attorney fees, as well as any damages associated with the unconstitutional activity of the Defendants.

## JURISDICTION AND VENUE

4.    At all material times, each of the Defendants acted under the color of laws, statutes, ordinances, policies, practices, customs and usages of the County of Tillman, State of Oklahoma and the Tillman County Sheriffs Department.

5.    The claims brought herein are cognizable under the United States Constitution and 42 U.S.C. § 1983.

2

6.      Jurisdiction is based upon 28 U.S.C. § 1331 and 1367 This action arises under 42 U.S.C. §1983 and 28 U.S.C. 1738A.

7.      Plaintiffs seek declaratory judgment and other relief under 28 U.S.C. §2201 and §2202, as well as injunctive relief pursuant to 42 U.S.C. §1983 and otherwise.

8.      Venue is proper under 28 U.S.C. § 1391 (b) (2), this being a judicial district where a substantial part of the events or omissions giving rise to the claims occurred or will occur.

## PARTIES

9.      Plaintiff Kimes is a citizen of the United States and a resident of Genesee County, Michigan.

10.     Defendant Tammy Rector is a citizen of the United States and a resident of Tillman County, Oklahoma, she is sued in her individual capacity.

11.     Defendant Deputy Jeff Rector is a citizen of the United States and a resident of Tillman County, Oklahoma, he is sued in his individual capacity.

12.      Defendant Sheriff Billy Hanes of Tillman County is a citizen of the United States and a resident of Tillman County, Oklahoma, he is sued in his individual capacity.

13.     Defendant Judge Burnett is a citizen of the United States and a resident of Tillman County, Oklahoma, he is sued in his individual capacity.

14.      Defendant District Court of Tillman County is a municipal corporation organized and existing under the Constitution and laws of the state of Oklahoma.

3

## STATEMENT OF FACTS

15.   Plaintiff realleges and incorporates the proceeding paragraphs.

16.   Plaintiff and Defendant Tammy Rector were married in the State of Michigan.
While married they had a son, John Kimes, Jr., (Hereafter John) on July, 31, 1989.

17.   On November 28, 1990, Plaintiff filed a Complaint seeking Divorce in Genesee
County Circuit Court, Case No. 90-167431-DM.

18.   After long and contentious litigation during which Defendant Tammy Rector Had
a daughter and was impregnated by another man, Robert Hamilton, the parties
reached a settlement.

19.   On or about August 12, 1994, Defendant Tammy Rector moved to Tillman
County, Oklahoma abandoning John.

20.   The settlement provided joint legal and physical custody of John and was entered
on September 13, 1994.

21.   On November 28, 1994 the Court issued an Order Modifying the Judgment of
Divorce and Plaintiff was awarded sole physical custody based on Tammy
abandoning the minor child and Defendant Tammy Rector was allowed visitation
on summer break and Christmas.

22.   Plaintiff complied with the modified order.

23.   On or about July 1, 2000 Plaintiff and Defendant Tammy Rector agreed to allow
John to go to school temporarily in Oklahoma.

4

24. They agreed that he would attend school in Tillman County for the 2000-2001 school year and then return home to Genesee County, but also included return trips home to Michigan in November and December for Thanksgiving and Christmas.

25. On or about May 14, 2001 Plaintiff and Defendant Tammy Rector discussed John returning to Michigan for the summer and to continue his education as previously agreed and pursuant to the custody order

26. Defendant Tammy Rector agreed but thereafter broke off all communication.

27. On May 25, 2001 Defendant Tammy Rector filed a motion to modify the custody order in Tillman County District court.

28. On or about July 23, 2001 Plaintiff traveled to Oklahoma to retrieve his son who was kidnaped by being unlawfully retained in Oklahoma by his mother.

29. Plaintiff presented himself at her residence and was confronted by Defendant Sheriff.

30. Defendant Sheriff while in full uniform and armed, proceeded to order the Plaintiff Kimes to remove his hands from his pockets and otherwise conduct himself in a hostile and otherwise aggressive manner such that the Plaintiff Kimes was intimidated, fearful and did not feel free to leave or exercise any freedom of movement.

31. Defendant Deputy thereafter arrived on the seen and threatened Plaintiff Kimes and positioned himself on the opposite side of Plaintiff Kimes such that Plaintiff Kimes was surrounded by the two law enforcement officers.

5

32. Plaintiff produced the Michigan child custody order and demanded he be allowed to take the minor child with him.

33. Defendant Sheriff and Deputy detained Plaintiff for approximately 5 minutes.

34. The Defendant Sheriff and Deputy advised the Plaintiff Kimes that the Michigan Custody Order was worthless and would not be honored and otherwise continued to conduct themselves in a hostile manner causing the Plaintiff Kimes to feel fearful, intimidated, and otherwise deprived of his liberty and/or freedom.

35. The Frederick City Police were called and had to intervene in order to quell the situation and they released Plaintiff as there was no probable cause or reasonable suspicion to detain him.

36. On advice of the Frederick City Police Plaintiff Kimes proceeded to the Tillman County District Court to seek relief.

37. Plaintiff Kimes was advised by the District Court to file an action for Habeas Corpus relief and Plaintiff Kimes thereafter began to leave the Courthouse to seek the assistance of local counsel.

38. Thereafter Plaintiff Kimes observed the Defendant Sheriff enter the Judges Chambers as the Plaintiff Kimes was leaving.

39. Plaintiff Kimes is not entirely clear on the circumstances but immediately after the Plaintiff Kimes left the Courthouse apparently a temporary custody order was entered on an ex parte basis by the Defendant Judge Barnett granting the Defendant Tammy Rector temporary custody of the minor child.

6

40. That at some point thereafter Defendant Judge Barnett and the Honorable Joseph Farah of the 7th Circuit Court in Michigan conducted a telephone conference to decide the jurisdiction issue pursuant to the Uniform Child Custody Jurisdiction Act.

41. That during such telephone conference the two judges decided that the custody case should be heard in the 7th Circuit Court in Michigan.

42. That apparently thereafter the Defendant Judge Barnett changed his mind and on July 23, 2001 said Defendant Judge Barnett entered an order setting a final hearing date of February 14, 2002 to decide the issue of custody.

43. On July 24, 2001 Defendant Tammy Rector was ordered by the Honorable Joseph Farah of the 7th Circuit Court in Michigan to return the minor child to Michigan by August 6, 2001.

44. That the Defendant Tammy Rector ignored the order and on September 14, 2001 an arrest warrant was issued for said Defendant Tammy Rector's arrest after a show cause hearing pursuant to proper notice was conducted by the Honorable Joseph Farah.

45. On June 11, 2001 Plaintiff filed a motion challenging the jurisdiction of the Tillman County District Court pursuant to the Oklahoma Uniform Child Custody Jurisdiction Act.

46. That said motion was summarily denied.

47. A permanent custody hearing is set for February 14, 2002 in Tillman County District Court.

7

## COUNT I

### VIOLATION OF 28 U.S.C. 1738A-DECLARATORY AND INJUNCTIVE RELIEF DEFENDANT BURNETT AND TILLMAN COUNTY DISTRICT COURT

48.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

49.     Defendant Tammy Rector unlawfully retained John in Oklahoma when it was agreed he would be returned to Michigan.

50.     Genesee County Circuit Court has jurisdiction pursuant to 28 U.S.C. 1738A(c)(1) and (2)(A), (2)(E), and 28 U.S.C. 1738A(d).

51.     Unlawful retention of a minor out of state does not give that state jurisdiction to hear custody disputes.  28 U.S.C. 1738A(c)(1) and (2)(A).

52.     That 28 U.S.C. 1738A(f) specifically indicates that the court of a State may only modify an existing custody if it would otherwise have jurisdiction and the court of the other State no longer has jurisdiction or declines to exercise jurisdiction.

53.     That pursuant to MCL 722.27 the 7th Circuit retains jurisdiction to modify custody orders until such time as the minor child attains the age of 18.

54.     Wherefore Plaintiff requests this Court declare that Genesee County Court has jurisdiction over this matter and enter an Injunction enjoining Defendants from proceeding in Tillman County District Court.

### COUNT II
### CIVIL RIGHTS CONSPIRACY-INDIVIDUAL DEFENDANTS

55.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

8

56.   Defendants acted in concert and conspired to deprive Plaintiff of his constitutional right to raise and nurture his child.

57.   That such conspiracy includes but is not limited to enlisting the aid of and/or acting in concert with State Officials and/or agencies including but not limited to Defendant Tammy Rector, Defendant Sheriff, Deputy Rector, Judge Barnett and the Tillman County District Court to interfere with and/or deprive Plaintiff Kimes of his Constitutional right to raise his child by wrongfully withholding such child and depriving the Plaintiff Kimes of his liberties pursuant to the 4th and 14th Amendments of the United States Constitution.

58.   As a direct and proximate result of this civil conspiracy, Plaintiff sustained serious injuries, as set forth herein.

**COUNT III**
**CONSTITUTIONAL VIOLATIONS -DEFENDANTS SHERIFF**
**AND DEPUTY RECTOR**

59.   Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

60.   The acts described above constitute unlawful detention in violation of Plaintiff's Fourth Amendment Rights.

61.   These claims are cognizable under 42 U.S.C.§ 1983.

62.   The constitutional violations herein involved clearly established and well settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution.

9

63. On all occasions pertinent to this Complaint, Defendants Sherif and Deputy Rector were not trained or disciplined as a result of their actions.

64. The County of Tillman, through its Police Department, ratified the use of excessive force against citizens.

65. Reasonable police officers should have known of these rights, and therefore, Defendants are not cloaked with qualified immunity.

## COUNT IV
## DUE PROCESS VIOLATIONS

66. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

67. That the actions of the Defendant Judge Barnett constitute clear violations of 28 U.S.C. 1738A(e) in so far as the temporary order of custody initially entered by the Defendant Judge Barnett was entered without proper notice and hearing.

68. That the actions of the Defendant Judge Barnett constitute clear violations of the Plaintiff Kimes 5th and 14th Amendment Due Process rights pursuant to the United State Constitution by the exercise of jurisdiction over the herein indicated custody proceedings where statutory law of both Oklahoma and Michigan and the United States clearly deny such jurisdiction.

69. As a direct and proximal result of the unconstitutional actions and omissions of Defendant Barnett, Plaintiff sustained the serious injuries described in Count V.

10

<u>COUNT V</u>
<u>CONSTITUTIONAL VIOLATIONS - COUNTY OF TILLMAN</u>

70.     Plaintiff realleges and incorporates by reference the allegations contained in the
        preceding paragraphs.

71.     The individual Defendants committed the constitutional violations herein
        described as a result of the training and/or lack of training they received and the
        lack of discipline implemented by the Tillman County Sheriffs department

72.     The individual Defendants committed these violations with the full knowledge
        and approval of the policy-making officers of Defendant County of Tillman.

73.     Defendant Tillman County through its police department failed to properly train,
        monitor, direct, discipline and supervise its police officers, and knew or should
        have known that the officers would engage in the complained-of behavior given
        the improper training and the lack of discipline and proper training.

74.     In all of the aforementioned policies, practices and customs of the County of
        Tillman and the County's failure to properly and adequately train, monitor,
        instruct, direct, discipline, and supervise the individual police officer Defendants,
        Defendant County of Tillman was reckless and deliberately indifferent to a
        likelihood that the constitutional rights of the public and particularly of Plaintiff
        would be violated.

75.     This improper training, monitoring, instruction, direction, discipline and
        supervision proximately caused the deprivation of Plaintiff's right to be free from
        unlawful detention.

11

76.   As a direct and proximal result of the unconstitutional actions and omissions of Defendant County of Tillman, Plaintiff sustained the serious injuries described in Count VI.

## COUNT VI
## DAMAGES

77.   Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs.

78.   As a direct and proximate result of the actions and violations of Defendants set forth herein above, Plaintiff sustained serious injuries and is entitled to compensatory damages, punitive damages and attorney fees pursuant to 42 U.S.C.§§ 1983 and 1988.

79.   As a direct and proximate result of the actions and violations of Defendants set forth herein above, Plaintiff suffered from the following injuries and damages:

    a.   Loss of Society and companionship by the Plaintiff Kimes with minor child.

    c.   Severe emotional distress, including but not limited to, humiliation, fear, anxiety, and embarrassment;

    d.   Lost wages and costs of travel.

    e.   Attorney fees and other legal costs.

    e.   Exemplary and punitive damages.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, John Kimes, prays that this Honorable Court grant the following relief against Defendants, jointly and severally:

a.      Declare that Genesee County Circuit Court has exclusive jurisdiction over any custody matters relating to the minor child John Kimes, Jr.

b.      Enter a temporary restraining order enjoining Tillman County District Court and Defendant Judge Barnett from proceeding in Case No. CV 2001-54 and enjoining such Court from holding a permanent custody hearing on February 14, 2002.

c.      That entry of such temporary restraining order on an expedited and/or ex parte basis is necessary to prevent further irreparable injury that will occur by the Tillman County District Court conducting its custody hearing on February 14, 2002 and/or deciding custody on such date in the form of further deprivation of the Plaintiff's fundamental Due Process liberty interest in raising his minor child and the company and companionship of the Plaintiff's minor child.

d.      Enter an permanent Injunction enjoining Tillman County District Court and Defendant Burnett from proceeding in Case No. CV 2001-54.

e.      Require the Tillman County District Court to rescind its Orders relating to the minor child John Kimes, Jr. and Order the immediate return of the minor child to the jurisdiction of the 7th Circuit Court in Michigan.

f.      Compensatory damages in an amount which is fair, just and reasonable;

g.      Punitive and/or exemplary damages in an amount which is fair, just and reasonable;

13

f.      Such other and further relief as this Honorable Court may deem

appropriate, including costs, interest and reasonable attorney fees pursuant

to 42 U.S.C. § 1988.


                              Respectfully submitted,


                              _Todd J. Roberts_____

                              RONIN LEGAL SERVICES P.C.
                              TODD J. ROBERTS (P-55631)
                              Attorney for Plaintiff
                              20500 Eureka, Suite 105
                              Taylor, Michigan 48180


February 11, 2002